**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KOFI OBENG-AMPONSAH, | No. 21-55851 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01054-PA-AFM |
| v. | |
| DON MIGUEL APARTMENTS; FDC MANAGEMENT, INC.; TIM GENOVESE, as an individual; MARIA OLIVA; DOES, 1-10, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 10, 2023[**]

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Kofi Obeng-Amponsah appeals pro se from the district court's judgment

dismissing as a discovery sanction his action alleging federal and state law claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in dismissing Obeng-Amponsah's action after Obeng-Amponsah failed to comply with the district's orders to produce written discovery and appear for his deposition and finding that Obeng-Amponsah's behavior was willful and in bad faith. *See* Fed. R. Civ. P. 37(b)(2); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006) ("Rule 37 sanctions, including dismissal, may be imposed where the violation is due to willfulness, bad faith, or fault of the party." (citation, emphasis and internal quotation marks omitted)); *Rio Props.*, 284 F.3d at 1022 (discussing five factors courts must weigh in determining whether to dismiss a case for failure to comply with a court order).

The district court did not abuse its discretion in denying Obeng-Amponsah's post-judgment motion because Obeng-Amponsah failed to demonstrate any basis for relief. *See Lemoge v. United States*, 587 F.3d 1188, 1191-92 (9th Cir. 2009) (setting forth standard of review and discussing factors for excusable neglect under Fed. R. Civ. P. 60(b)(1)); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (setting forth standard of review and discussing factors for granting a motion for reconsideration under Fed. R. Civ. P. 59(e)).

In light of our disposition affirming the dismissal of Obeng-Amponsah's

2                                                                          21-55851

action as a sanction, we do not reach the merits of Obeng-Amponsah's challenge to the district court's interlocutory orders.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**